## Case No. 4,875.

FLINT v. ROBERTS et al.

[4 Ban. & A. 165.] [1]

Circuit Court, D. Minnesota. March, 1879.

West & Bond, for complainant.

W. B. Phelps, for defendants.

NELSON, District Judge. This suit is brought by complainant, to recover for an alleged infringement by the defendants [Oliver N. Roberts, and others] of patent, reissue No. 7,254, for an improvement in hot-air furnaces.

The complainant is the assignee. The patentee in his specifications of the original patent, No. 92,822, describing his invention states, inter alia, that it "consists in the novel construction and arrangement of the fire-box and smoke flues whereby I obtain a large radiating surface." He then describes in detail: "* * * At the back end of a fire-box A, I put an escape flue W, for the passage of the flame and smoke. This flue increases in width from the fire-box upwards, and is about twice the width of the fire-box at its widest part. At the centre of this flue I place a V-shaped diaphragm L to divide the ascending flames. On the top of the flue W, I locate a rectangular drum C, open at its lower side and divided at its middle by a horizontal partition D. On top of the front end of the fire-box I place another rectangular drum E * * *. The drums C and E, I connect by a series of horizontal flues or pipes BB' * * *. In

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

[Drawings of reissued patent No. 7,254. published from the records of the United States. patent office.]

the drum C, the lower flues B open below the partition D, and the upper series B' above the partition." In describing the operation of the furnace, the specifications state: "* * * The flame and smoke pass along to the back of the fire-box and up through flue W (being divided or spread in their ascent by the diaphragm L), into the lower portion of the drum C, where they are stopped by partition D, and caused to pass back through flues B to the drum E, and from thence along through the flues B' to the upper portion of drum C and into the smoke stack * * *."

The following claim is made: "No. 2. The combination of the furnace or fire-chamber, constructed as herein described with the air heating devices consisting of the drums C E, flues B and B' with the stationary diaphragm D and deflector L all constructed and arranged substantially as described."

In the reissue he claims: "1. The combination of the drums C E B and B' having division partition D" (diaphragm), "and constructed and arranged as described with the fire-chamber of a furnace or heater substantially in the manner and for the purposes set forth." "3. In combination with a drum and furnace substantially as described, the deflector L arranged in the exit flue W as and for the purposes set forth." 

The third claim in the reissue is the second claim in the original patent, and contains the deflector L, which in the specifications is stated to be used for the purpose of dividing flames. It is manifest this deflector is only necessary when the drum of the radiator over the flue is wider than the fire-box and flue. The radiator is an entire and distinct device, and the patentee on a reissue is entitled to add a claim for the drums forming the radiator in combination with the fire-box. It is fully warranted by the description in the specifications and drawings, and, being his original invention, can be claimed in the reissue. Morris v. Royer [Case No. 9,835]; Hoffheins v. Brandt [Id. 6,575]; [Battin v. Taggert] 17 How. [58 U. S.] 83; Woodward v. Dinsmore [Case No. 18,003]. It is a device capable of being placed on or taken off of any fire-box of its length, having an escape flue for the flames equal to the opening of the rectangular drum C at its lower side. The reissue, therefore, in my opinion, is for the same invention as the original, and valid.

There has been no anticipation of Hart's improvement in furnaces. The locomotive tubular boilers are of an entirely different structure, and have no resemblance to the radiator used by Hart. The fact that they have tubes, surrounded by water, through which the products of combustion pass for the purpose of generating steam, does not affect the validity of this patent.

The date of Hart's invention is October 5th, 1867. This is established by the evidence, so that the Bartlett patent is the only exhibit of the defendants which is prior in date. All other exhibits set up to anticipate the invention are out of the case. The defendants have taken no testimony in respect to this exhibit, but from the evidence of Dean, an examiner, at one time, in the patent office, and complainant's witness, there is nothing in this patent to sustain the position of the defendants.

An examination of the two models, and the specifications. and the description of the operation of the two machines, show that the defendants use the Hart invention in connection with the Henderson improvement. The most careless observer could not fail to detect this. The front part of the Hender-

son radiator is a formal alteration of Hart's. He makes the head drum over the flue of the furnace, narrower at the base, so as to bring the lower row of the series of pipes or tubes on a line with the products of combustion as they pass up into the drum. This construction performs substantially the same function as the deflector L, and enables the lower tubes to take a portion of the flame and smoke passing up.

Henderson, however, has added a rear extension of tubes and an extra drum at the end, almost, if not quite, a duplicate of Hart's, so that he divides the ascending flames from the fire-box, passing a portion of the products of combustion through his extension, which reunites with the portion passing through the front tubes at the smoke-pipe or chimney. He increases the radiating surface to twice the length of the same length of stove used by Hart. And it is claimed that, by dividing the currents of flame, they being forced to unite again from opposite directions, the heat is increased, and the soot will be consumed, and thus prevent the clogging of the tubes and filling up of the chimney.

Whether this is true or not it is unnecessary to determine, but upon the testimony of the expert, and an examination of the Henderson patent, I am of the opinion that he has taken the invention belonging to the complainant, and has thus infringed his patent. [McCormick v. Talcott] 20 How. [61 U. S.] 405; Forbes v. Barstow Stove Co. [Case No. 4,923]. While the complainant would not be permitted to use the Henderson improvement in connection with his radiator, it is also evident that the defendants cannot use the Hart radiator in connection with their extension, which they now do.

Decree will be entered in favor of the complainant, and a reference to the clerk, as master, to ascertain damages.